

FILED
IN OPEN COURT

AUG 17 2007

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | CRIMINAL NO. 3:07CR274 |
| ) | |
| PURNELL A. PEACE,                         ) | |
|   a/k/a "P-Funk" and "Funk,"        ) | |
| ) | |
|        Defendant.                    ) | |

## PLEA AGREEMENT

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Michael R. Gill and Brian L. Whisler, Assistant United States Attorneys, the defendant, PURNELL A. PEACE, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.  **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count 1 of the indictment charging the defendant with Conspiracy to Travel in Interstate Commerce in Aid of Unlawful Activities and to Sponsor a Dog in an Animal Fighting Venture, in violation of Title 18, United States Code, Section 371. The maximum penalties for the violation of this offense are: a maximum term of 5 years of imprisonment, a fine of $250,000, full restitution, a special assessment, and 3 years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines. Pursuant to USSG § 5K2.0 and 18 U.S.C. § 3553(b)(1), the parties agree that the underlying facts relating to the victimization and execution of pit bull dogs as described in the Statement of Facts creates aggravating circumstances not adequately taken into account by the Sentencing Commission in formulating the guidelines and that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), an upward departure is necessary in this case to achieve the statutory purposes and goals of sentencing in this case. Therefore, pursuant to Rule 11(c)(1)(B), the parties agree that an upward departure to a base offense level of 15 is warranted in this case, and, following Acceptance of Responsibility credit pursuant to USSG § 3E1.1, an adjusted offense level of 13. The parties agree that neither side will move for departure above or below that offense level, except as contemplated by paragraph 13 of this agreement. The government agrees to recommend sentencing at the low end of the applicable guideline range, provided the defendant fulfills his obligations under this plea agreement. The defendant understands that this agreement is merely a recommendation and is not binding on the sentencing judge.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain

rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.  **Waiver of Appeal.**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

6.  **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

7.  **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons'

4

Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8. Restitution for Offense of Conviction

The defendant agrees to the entry of a Restitution Order for the full amount of any victim losses determined by the Court at the time of sentencing.

### 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the statement of facts or for the other nonviolent conduct the government has knowledge of at the time of this agreement.

### 10. Defendant's Cooperation

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

   a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

   b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

   c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

    d.    The defendant agrees that, upon request by the United States, the defendant will voluntarily submit to polygraph examinations to be conducted by a polygraph examiner of the United States' choice.

    e.    The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

    f.    The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

    g.    Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**11.    Use of Information Provided by the Defendant Under This Agreement**

Pursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides pursuant to this agreement will be used to enhance the defendant's guidelines range or form the basis of additional charges against the defendant. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested. Nothing in this plea agreement, however, restricts the Court's or Probation Office's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant provide false, untruthful, or perjurious information or testimony

or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial.

### 12. Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 13. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 14. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph

8

does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

15. **Forfeiture Agreement**

The defendant agrees to forfeit all interests in any and all dogs involved an animal-fighting venture that the defendant owns or over which the defendant exercises control, directly or indirectly, including but not limited to the approximately 54 pit bulldogs recovered from the residence located at 1915 Moonlight Road, Smithfield, Virginia on or about April 25, 2007. The defendant further agrees to waive all interest in the such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

The defendant also agrees to forfeit a sum of money, to be imposed as a personal money judgment pursuant to Rule 32.2(b)(1), F.R.Crim.P., representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy charged in Count One of the indictment which sum shall be determined at or before sentencing. Defendant agrees to pay such sum within 10 days of imposition by the court.

The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

9

Defendant acknowledges that 7 U.S.C. §2156(f) makes the owner of animals forfeited pursuant to this provision liable for costs incurred by the United States for the care of animals seized and forfeited pursuant to this section. Defendant agrees to reimburse the United States for the costs permitted by this section with respect to the approximately 54 pitbull dogs seized on or about April 15, 2007, and which are the subject of Civil Action Number 3:07CV397.

### 16. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and/or substitute assets for property otherwise subject to forfeiture.

### 17. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any

modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

                              Chuck Rosenberg
                              United States Attorney

By: *Michael Gill* (signature)
       Michael R. Gill
       Assistant United States Attorney

By: *Brian Whisler* (signature)
       Brian Whisler
       Assistant United States Attorney

<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 8-15-07

Purnell A. Peace
Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 8-15-07

Claire Cardwell
Counsel for the Defendant