1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
 2                    Richmond Division


 3


 4   UNITED STATES OF AMERICA        }
                                     }
 5   v.                              }    Criminal Case No.:
                                     }    3:07 CR 274
 6   PURNELL A. PEACE                }


 7                                        August 17, 2007


 8


 9              COMPLETE TRANSCRIPT OF PLEA
           BEFORE THE HONORABLE HENRY E. HUDSON
10              UNITED STATES DISTRICT COURT JUDGE


11


12   APPEARANCES:


13   Michael R. Gill, Esquire
     Brian L. Whisler, Esquire
14   OFFICE OF THE UNITED STATES ATTORNEY
     919 East Main Street
15   Suite 1900
     Richmond, Virginia  23219

16
          Counsel on behalf of the United States
17


18   Claire G. Cardwell, Esquire
     STONE & CARDWELL PLC
19   101 Shockoe Slip
     Suite K
20   Richmond, Virginia  23219


21        Counsel on behalf of the Defendant


22


23


24              KRISTA L. HARDING, RMR
               OFFICIAL COURT REPORTER
25            UNITED STATES DISTRICT COURT
```

```
 1              (The proceeding commenced at 9:15 a.m.)
 2              THE COURT:  Ms. Cardwell, do you need additional
 3    time to talk to your client, or are you ready to go?
 4              MS. CARDWELL:  No, sir.
 5              THE COURT:  All right.
 6              Ms. Pizzini, call our next case this morning,
 7    please.
 8              THE CLERK:  Case Number 07 CR 274.  United
 9    States of America v. Purnell A. Peace.
10              Mr. Brian L. Whisler and Michael R. Gill
11    represent the United States.
12              Ms. Claire G. Cardwell represents the defendant.
13              Are counsel ready to proceed?
14              MR. GILL:  The United States is ready, Your
15    Honor.
16              MS. CARDWELL:  The defense is ready, Your Honor.
17              THE COURT:  Mr. Gill, this is a plea agreement
18    similar to the last one, I understand.  This defendant
19    will also enter a plea of guilty to Count 1 of the
20    indictment, is that correct?
21              MR. GILL:  That's correct, Your Honor.
22              THE COURT:  I have the written plea agreement
23    and the written summary of facts.
24              MR. GILL:  Yes, sir.
25              THE COURT:  Anything further?
```

1      MR. GILL:  No, sir.

2          THE COURT:  Ms. Cardwell, if you and your client

3  will come forward, please.

4          Mr. Peace, if you would raise your right hand,

5  sir, place your left hand on the Bible, and face the Clerk

6  of the Court.

7          THE CLERK:  Do you solemnly swear that the

8  answers to the questions which you are about to be asked

9  shall be the truth, the whole truth, and nothing but the

10  truth, so help you God?

11      MR. PEACE:  Yes, ma'am.

12          THE COURT:  Ms. Cardwell, your client will enter

13  a plea of guilty to Count 1 of the indictment this

14  morning?

15      MS. CARDWELL:  Yes, sir.

16      THE COURT:  All right.

17      Mr. Peace, once again would you give me your

18  full name, sir, and your date of birth.

19      MR. PEACE:  Purnell Augusta Peace.  Xxxxxxx X,

20  1971.

21          THE COURT:  And, Mr. Peace, you are a citizen of

22  the United States, and you do read, write and understand

23  the English language, is that correct?

24      MR. PEACE:  Yes, sir.

25      THE COURT:  You have read over this charge of

1  conspiracy to Count 1 of the indictment?

2         MR. PEACE:  Yes, sir.

3         THE COURT:  Do you understand the charge?

4         MR. PEACE:  Yes, sir.

5         THE COURT:  And you're going to plead guilty to

6  that this morning, is that right?

7         MR. PEACE:  Yes, sir.

8         THE COURT:  Now, Mr. Peace, during the last year

9  have you been treated for any problems involving alcohol

10  or substance abuse?

11        MR. PEACE:  No, sir.

12        THE COURT:  Have you received any treatment for

13  any psychological, psychiatric or mental disorders?

14        MR. PEACE:  No, sir.

15        THE COURT:  Mr. Peace, are you under the

16  influence of any drugs, alcohol or medication this

17  morning?

18        MR. PEACE:  No, sir.

19        THE COURT:  Now, prior to coming in today I

20  assume that you have met extensively with Ms. Cardwell and

21  gone over these charges, is that right?

22        MR. PEACE:  Yes, sir.

23        THE COURT:  All right.  Are you entirely

24  satisfied with her services?

25        MR. PEACE:  Yes, sir.

1          THE COURT:  Mr. Peace, has she done everything

2    reasonable you have asked her to do in connection with

3    this case?

4          MR. PEACE:  Yes, sir.

5          THE COURT:  Now, prior to coming in today has

6    she gone over with you in detail what the government must

7    prove to convict you of this charge?

8          MR. PEACE:  Yes, sir.

9          THE COURT:  This is a charge of conspiracy.  It

10   requires the government to prove that you were engaged in

11   a joint venture with Mr. Phillips, Mr. Taylor, and

12   Mr. Vick to travel in interstate commerce in aid of

13   sponsoring and participation in an animal fighting

14   venture.

15         MR. PEACE:  Yes, sir.

16         THE COURT:  You had an agreement with them to do

17   that?

18         MR. PEACE:  Yes.

19         THE COURT:  You knew that there was such an

20   agreement in place and you willingly participated, is that

21   correct?

22         MR. PEACE:  Yes.

23         THE COURT:  All right.

24         Mr. Peace, has Ms. Cardwell also explained to

25   you what the evidence the government has against you would

1  be if you went to trial?

2         MR. PEACE:  Yes, sir.

3         THE COURT:  So you know what you would be up

4  against if you decided to go to trial in this case, is

5  that right?

6         MR. PEACE:  Yes, sir.

7         THE COURT:  Have you in turn explained to her

8  everything that you remember about your participation in

9  this dog fighting venture?

10        MR. PEACE:  Yes, sir.

11        THE COURT:  She knows everything you do about

12 the case, is that right?

13        MR. PEACE:  Yes, sir.

14        THE COURT:  With that in mind, have you and

15 Ms. Cardwell discussed, based upon the government's

16 evidence and your recollection, whether or not you are in

17 fact guilty of this charge?  In other words, Mr. Peace,

18 have you determined whether you have any legal defense or

19 there's any legitimate way you can beat these charges?

20        MR. PEACE:  Yes, sir.

21        THE COURT:  All right.  And I'm sure

22 Ms. Cardwell, being the experienced lawyer that she is,

23 has given you her best legal advice as to what she thinks

24 you ought to do, but my question is have you made up your

25 mind on your own, Mr. Peace, what you think is in your

```
 1  best interest to do today?

 2              MR. PEACE:  Yes, sir.

 3              THE COURT:  What is that, sir?

 4              MR. PEACE:  Plead guilty.

 5              THE COURT:  Are you pleading guilty, Mr. Peace,

 6  because you're in fact guilty of this charge?

 7              MR. PEACE:  Yes, sir.

 8              THE COURT:  Did you conspire with these folks to

 9  conduct a dog fighting venture?

10              MR. PEACE:  Yes, sir.

11              THE COURT:  And you are the same Purnell A.

12  Peace whose name appears in Count 1 of the indictment,

13  that's you, is that correct?

14              MR. PEACE:  Yes, sir.

15              THE COURT:  Now, Mr. Peace, you have entered

16  into a plea agreement with the United States, and that

17  agreement has been submitted to the Court and filed in

18  writing.

19              MR. PEACE:  Yes, sir.

20              THE COURT:  And on Page Number 11 of the

21  document there's a signature line that bears your name.

22  Did you sign that document?

23              MR. PEACE:  Yes, sir.

24              THE COURT:  Did you read this over, Mr. Peace?

25              MR. PEACE:  Yes, sir.
```

1          THE COURT:  Did you understand it?

2          MR. PEACE:  Yes, sir.

3          THE COURT:  Have a chance to discuss it in

4   detail with Ms. Cardwell?

5          MR. PEACE:  Yes, sir.

6          THE COURT:  Is this the complete agreement,

7   Mr. Peace, between you and the United States?

8          MR. PEACE:  Yes, sir.

9          THE COURT:  In other words, is there anything

10  that anybody has promised you, or do you expect to receive

11  anything from anybody, in exchange for your plea that's

12  not in this agreement?

13         MR. PEACE:  No, sir.

14         THE COURT:  Now, in Paragraph Number 2 of this

15  agreement, just so we understand each other here, there is

16  an agreement by you, your attorney, and the government

17  that you will receive an upward departure based upon the

18  aggravating circumstances of this case.  You understand

19  that?

20         MR. PEACE:  Yes, sir.

21         THE COURT:  All right.  And that's based upon

22  the extreme circumstances present under the facts of this

23  case.  Aside from that, is there any other agreement with

24  respect to sentencing?

25         MR. PEACE:  No, sir.

1          THE COURT:  Okay.  Now, you understand that the

2  recommendation you have made here with respect to

3  sentencing between you and the government is not binding

4  on this Court?

5          MR. PEACE:  Yes, sir.

6          THE COURT:  I'll take it into consideration.  I

7  add a lot of weight to it, but it doesn't bind my -- tie

8  my hands.  I have the authority to construe the guidelines

9  the way I think is appropriate, do you understand that?

10          MR. PEACE:  Yes, sir.

11          THE COURT:  All right.

12          Has anybody threatened you or forced you in any

13  way to enter into this plea today?

14          MR. PEACE:  No, sir.

15          THE COURT:  You're doing it freely and

16  voluntarily and of your own accord, is that right?

17          MR. PEACE:  Yes, sir.

18          THE COURT:  Now, Mr. Peace, because this is a

19  felony charge, I've got an obligation to go over with you

20  your constitutional rights that you're waiving by entering

21  into your plea.

22          MR. PEACE:  Yes, sir.

23          THE COURT:  Now, this is a felony charge.  You

24  have an absolute right to have this case tried by a jury.

25  If you did, 12 randomly selected people from the Richmond

 1   area would hear and decide this case.  In order to convict

 2   you, those 12 people would have to all agree unanimously

 3   that the government has proven all the parts or elements

 4   of this offense beyond a reasonable doubt.  In order to

 5   convict you, if just one juror had a reasonable doubt as

 6   to your guilt you could not be convicted by that jury

 7   panel of that charge, do you understand?

 8            MR. PEACE:  Yes, sir.

 9            THE COURT:  If you went to trial, Mr. Peace, you

10   would be presumed to be innocent throughout the entire

11   trial unless or until the government proved your guilt

12   beyond a reasonable doubt.  You would have no obligation

13   to prove your innocence.  The burden is always on the

14   government to prove your guilt.  And again, the standard

15   is by a reasonable doubt.

16            You would have no obligation to testify or

17   produce any evidence, and neither the Court nor the jury

18   could hold that against you.  Your guilt or innocence

19   would have to be determined strictly on the strength of

20   the government's case without regard by the jury or the

21   Court that you chose not to testify or to produce any

22   evidence.

23            You would also be entitled to use subpoenas of

24   this Court to compel witnesses to appear and testify on

25   your behalf.  It would require that anybody that may have

1  any evidence of value to you produce it in court for use

2  by you in defending yourself, do you understand that?

3              MR. PEACE:  Yes, sir.

4              THE COURT:  Mr. Peace, because you have entered

5  a plea of guilty you also give up your right to remain

6  silent and the government can call you as a witness and

7  ask you questions about this case if they chose to do so

8  either in court or before a grand jury.  You have to

9  answer those questions unless your answer could increase

10  the punishment you could receive.

11              When you enter a plea of guilty, you also give

12  up your right to cross-examine the government's witnesses,

13  to test the strength of the government's case and to

14  confront your accusers because when you enter a plea of

15  guilty you are stipulating or agreeing that the government

16  can prove the charges against you beyond a reasonable

17  doubt.  And once I accept your plea of guilty there will

18  be no trial.

19              And also you cannot appeal a guilty plea.  Once

20  I find you guilty on a guilty plea, it's final.  Do you

21  understand that?

22              MR. PEACE:  Yes, sir.

23              THE COURT:  Did Ms. Cardwell also tell you that

24  once I accept your guilty plea you will be a convicted

25  felon?

1          MR. PEACE:  Yes, sir.

2          THE COURT:  And as a convicted felon, there are

3   legal consequences.  You forfeit a number of your

4   constitutional rights, your right to hold public office,

5   your right to serve on a jury, your right to vote, your

6   right to possess a firearm, among other rights that most

7   citizens have.  You will lose those, Mr. Peace.

8          Mr. Peace, are you currently on bond, probation,

9   parole or suspended sentence anywhere else on any other

10  unrelated charges?

11         MR. PEACE:  No, sir.

12         THE COURT:  Is that your understanding,

13  Ms. Cardwell?

14         MS. CARDWELL:  Yes, sir.

15         THE COURT:  Mr. Gill, do you have any

16  information to the contrary?

17         MR. GILL:  No, sir, Your Honor.

18         THE COURT:  Mr. Peace, what is the maximum

19  sentence you could receive, sir, upon being convicted of

20  this charge?

21         MR. PEACE:  Five years.

22         THE COURT:  It carries a maximum of five years

23  confinement, a fine of up to $250,000, three years of

24  supervised release and a special assessment of $100.

25         Now, I'm sure that before you came into court

1  today you and Ms. Cardwell have discussed where your case

2  comes out on the Federal Criminal Sentencing Guidelines,

3  have you not?

4          MR. PEACE:  Yes, sir.

5          THE COURT:  Well, it's important to keep in mind

6  two things:  First of all, the guidelines are advisory

7  only.  I begin the sentencing process by computing your

8  guidelines, then I weigh those against all the factors set

9  forth in 18, United States Code, Section 3553(a), and I

10  determine in that process a sentence that is adequate,

11  but not longer than necessary.

12          As you well know, however -- well, let me go

13  back.

14          The second thing you need to keep in mind,

15  Mr. Peace, is that the advice that Ms. Cardwell has given

16  you is, at best, an educated estimate as far as the

17  guidelines are concerned.  That's because she has based

18  her advice to you on the information available today.  But

19  when the presentence report is prepared, it is possible

20  that something else may emerge that could affect your

21  guidelines.

22          And also once that presentence report is filed,

23  and you look the guidelines over that the probation

24  officer prepares, you and Ms. Cardwell may object.  If you

25  do, I'll hear your objections.  I'll rule on them.

1    The government may have objections.  I'll rule

2 on those.  Once I've ruled on those objections at your

3 sentencing hearing, at that point you will know exactly

4 what your sentencing range will be.  Until then, it is an

5 educated estimate, do you understand?

6            MR. PEACE:  Yes, sir.

7            THE COURT:  Now, as you know from Paragraph 2 of

8 your plea agreement, I have the authority to depart upward

9 or downward from the guidelines if there are aggravating

10 or mitigating circumstances in your case.  It appears that

11 the attorneys both agree, both the government and your

12 attorney, that there are aggravating circumstances in this

13 case, and therefore there will be an upward departure, you

14 understand that?

15            MR. PEACE:  Yes.

16            THE COURT:  You're bargaining for that?

17            MR. PEACE:  Yes, sir.

18            THE COURT:  Okay.

19            In addition, Mr. Peace, in applying the factors

20 contained in 18, United States Code, Section 3553(a), I

21 have the limited authority to vary your sentence upward or

22 downward to achieve a sentence that is adequate, but not

23 longer than necessary, do you understand that?

24            MR. PEACE:  Yes, sir.

25            THE COURT:  Also, I'm sure Ms. Cardwell has told

1  you, parole has been abolished in the federal system.

2  Federal detainees are required to serve 85 percent of the

3  sentence they receive, do you understand that?

4          MR. PEACE:  Yes, sir.

5          THE COURT:  In Paragraph 5 of your plea

6  agreement you've waived your right of appeal as to

7  sentencing issues, and I want to make sure you understand

8  this because it's very important, Mr. Peace.  As I just

9  explained to you, when the presentence report is prepared

10  the U.S. probation officer will do a preliminary

11  computation of your guidelines.  You and Ms. Cardwell or

12  the government may disagree how those guidelines have been

13  prepared.  If you do, I will hear the argument or any

14  evidence you may put on, and I'll decide what your

15  sentencing range will be.

16          If I rule against you on your guideline

17  objections, or you and Ms. Cardwell don't think I have

18  properly computed the guidelines or properly sentenced you

19  under the guidelines, you've waived your right of appeal,

20  do you understand that?

21          MR. PEACE:  Yes, sir.

22          THE COURT:  Now, the government, on the other

23  hand, they've preserved their right of the appeal if they

24  think I have illegally sentenced you or improperly applied

25  the guidelines, but you have waived your right of appeal,

1    understood?

2           MR. PEACE:  Yes, sir.

3           THE COURT:  Mr. Peace, as unfair as you may

4    think it would be, if I give you five years -- I have no

5    idea what sentence you're going to receive, but let's just

6    talk hypothetically.  If I give you five years, you can't

7    appeal that, do you understand?

8           MR. PEACE:  Yes, sir.

9           THE COURT:  All right.

10          Now, Mr. Peace, you have explained to me that

11   you and Ms. Cardwell have gone over what the government

12   must prove to convict you of this conspiracy charge, and

13   you and I discussed that earlier in our conversation this

14   morning.

15          MR. PEACE:  Yes, sir.

16          THE COURT:  You understand what the government

17   must prove, do you not?

18          MR. PEACE:  Yes, sir.

19          THE COURT:  Okay.

20          With that in mind, have you reviewed the summary

21   of facts filed by the United States attorney in this case?

22          MR. PEACE:  Yes, sir.

23          THE COURT:  All right.  On Page 12 of that

24   summary, again, there's a signature line for your name,

25   and it appears that you signed it.  Did you sign that?

1    MR. PEACE:  Yes, sir.

2    THE COURT:  Mr. Peace, you've read this

3 statement of facts over?

4    MR. PEACE:  Yes, sir.

5    THE COURT:  You've discussed it in detail with

6 Ms. Cardwell?

7    MR. PEACE:  Yes, sir.

8    THE COURT:  Anything about this summary of facts

9 that you didn't understand?

10    MR. PEACE:  No, sir.

11    THE COURT:  Is what the United States said

12 happened in this summary of facts what in fact happened?

13    MR. PEACE:  Yes, sir.

14    THE COURT:  Are they right?

15    MR. PEACE:  Yes, sir.

16    THE COURT:  Mr. Peace, is there anything you

17 want to add to this statement of facts to make it right in

18 your mind?

19    MR. PEACE:  No, sir.

20    THE COURT:  Okay.  Now, Mr. Peace, we have been

21 over a number of things this morning.  Is there anything

22 we have discussed that you didn't understand?

23    MR. PEACE:  No, sir.

24    THE COURT:  Do you have any questions you want

25 to ask me either about your plea agreement or about the

1  constitutional rights that you have waived in entering

2  your plea this morning?

3              MR. PEACE:  No, sir.

4              THE COURT:  Do you feel you need any more time

5  to talk to Ms. Cardwell about your plea?

6              MR. PEACE:  No, sir.

7              THE COURT:  Okay.  Then to the charge of

8  conspiracy to travel in interstate commerce in aid of

9  unlawful activities and to sponsor a dog in an animal

10 fighting venture, as charged in Count 1 of the indictment,

11 what is your plea, guilty or not guilty?

12             MR. PEACE:  Guilty.

13             THE COURT:  Now, based upon your plea of guilty,

14 your responses to my questions and the government's

15 statement of facts, the Court finds your plea of guilty is

16 voluntarily, knowingly, and intelligently entered with the

17 understanding of the nature of the charges, the

18 consequences of the plea and the penalty provisions that

19 you potentially face.

20             I further find specifically that you've entered

21 your plea of guilty this morning after thoroughly

22 consulting with your attorney.  I find there's an

23 independent factual basis for your plea, the statement of

24 facts which you acknowledged is correct, and that you're

25 competent and capable of entering a plea of guilty today.

1    Based upon all that, I'll accept your plea of

2  guilty, and find you guilty of conspiracy as charged in

3  Count 1.  Again, there will be no sentencing in your case

4  today.  I will refer your case to a U.S. probation officer

5  who will do a presentence report.

6    Ms. Pizzini, what day does this go to?

7    THE CLERK:  November 30th, Your Honor, at 9:00.

8    THE COURT:  Ms. Cardwell, are you available

9  then, ma'am?

10    MS. CARDWELL:  Yes, sir.

11    THE COURT:  All right.

12    Mr. Gill, are you available then, sir?

13    MR. GILL:  Yes, sir, Your Honor.

14    THE COURT:  All right.

15    Mr. Peace, your case is continued to

16  November the 30th at 9:00 for a hearing on the presentence

17  report and for the imposition of sentence.

18    Have you ever previously had a presentence

19  report done before, Mr. Peace?  Ever had a probation

20  officer do a presentence report?

21    MR. PEACE:  Yes, sir.

22    THE COURT:  Okay.  Well then, Mr. Peace, you

23  understand what the drill is.  A probation officer will be

24  meeting with you, going through your version of the

25  offense, your life history, any information that might be

1  of value to me in deciding what sentence you receive.  And

2  as you well know, that piece of paper that the probation

3  officer prepares is what I use to decide what sentence you

4  receive, okay?

5          MR. PEACE:  Yes, sir.

6          THE COURT:  So while I know you want to make

7  your best impression, remember that whatever the probation

8  officer tells you to do is a direct order of this Court.

9  I expect you to follow his or her instructions.  Can you

10  do that for me?

11          MR. PEACE:  Yes, sir.

12          THE COURT:  Mr. Gill, I'm unaware of any reason

13  why Mr. Peace's bond should not be continued.  Is the

14  government aware of anything?

15          MR. GILL:  No, sir, Your Honor.

16          THE COURT:  All right.

17          Mr. Peace, you may remain on bond pending

18  sentencing under all the terms and conditions previously

19  set by Judge Dohnal.  No violations of the law.  Follow

20  the instructions of the pretrial officer.  Maintain

21  contact with your attorney.  Follow the instructions of

22  the probation officer.  No drug use.  Be back here

23  November the 30th at 9:00.

24          Can you do all that?

25          MR. PEACE:  Yes, sir.

1           THE COURT: Okay. Very well.

2           Anything further, Ms. Cardwell?

3           MS. CARDWELL: No, sir.

4           THE COURT: Mr. Gill, anything further today,

5    sir?

6           MR. GILL: No, Your Honor.

7           THE COURT: All right, Mr. Peace, you're excused

8    and free to go, sir.

9           If there is nothing further this morning, the

10   Court will stand in recess until 10:00.

11           (The proceeding concluded at 9:30 a.m.)

12

13                REPORTER'S CERTIFICATE

14     I, Krista Liscio Harding, OCR, RMR, Notary Public
     in and for the Commonwealth of Virginia at large, and
15   whose commission expires March 31, 2020, Notary
     Registration Number 149462, do hereby certify that the
16   pages contained herein accurately reflect the notes
     taken by me, to the best of my ability, in the
17   above-styled action.
          Given under my hand this 28th day of February, 2019.

18
                     _____/s/_____
19                       Krista Liscio Harding, RMR
                         Official Court Reporter
20

21

22

23

24

25